PEDRO DE JESÚS, Plaintiff and Appellant, *v.* JUAN G. GA-
LLARDO, TREASURER OF PORTO RICO, Defendant and Ap-
pellee.

No. 3614. Argued May 26, 1925.—Decided July 8, 1925.

TAXES—PAYMENT UNDER PROTEST—ACTION FOR REFUND—JURISDICTION.—Juris-
diction of the courts in actions for the refund of taxes paid under protest
is determined by the amount involved.

District Court of Humacao, Pablo Berga, J. Judgment for the de-
fendant in an action for the refund of taxes paid under protest.
*Modified and affirmed.*

*Antonio L. López,* for the appellant. The *Attorney General* and *C.
Llauger Díaz* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Pedro B. Jesús filed a complaint in the District Court
of Humacao for the refund of the sum of $195.53 paid
under protest to the Treasurer of Porto Rico as taxes.

The defendant-appellee raised the question of jurisdic-
tion in the court *a quo,* alleging that the said court had no
original jurisdiction because of the amount involved. This
plea was overruled, albeit the action was dismissed on other
grounds.

However, the question of jurisdiction raised and insisted
on by the appellee in his brief is primordial and of vital
importance in this case.

On March 9, 1911 (No. 35, p. 124), the Legislature for
the first time enacted a law establishing procedure for the
recovery of taxes paid under protest, section 3 thereof pro-
viding that the action should be brought "in the court
having competent jurisdiction."

This Act, in relation to Act No. 76 of April 13, 1916
(p. 151), authorizing suits against The People of Porto
Rico, was interpreted in the cases of *Saurí & Subirá* v. *Se-
púlveda, District Judge,* 25 P.R.R. 224, and *Serrallés* v.
*Treasurer of Porto Rico,* 30 P.R.R. 220. In neither of
these cases cited by the lower court was it held that the
Act of 1911 had been repealed by the Act of 1916. It was

held rather that the two acts coexisted independently and each had its own force.

On March 13, 1920 (p. 124), the Legislature enacted Act No. 17 to regulate administrative and judicial procedure with regard to taxes paid under protest and to repeal the Act of March 9, 1911. Section 2 thereof provided that the taxpayer should file his complaint within the time specified "in the proper district court," thus changing the provision contained in the Act of 1911. The provision was clear. It changed by its wording the meaning of the former Act exclusively designating the district courts as having jurisdiction to entertain suits for the refund of taxes paid under protest, without regard to the amount involved. But finally Act No. 9 of 1924 (p. 70), by which this case is governed, re-enacted the provision of the original Act. Its section 4 is as follows:

"Section 4.—A taxpayer who shall have paid under protest the whole or part of any tax shall, within a term of not to exceed thirty days from and after the date of payment, sue the Treasurer of Porto Rico in a court of competent jurisdiction, to secure the return of the amount protested. The Treasurer of Porto Rico, through the Attorney General or through the official designated by the latter from his department, shall answer the said suit within the term granted by law for the filing of answers and shall make therein, in their order, allegations to strike out particulars of the complaint and demurrers.   *   *   *."

It must be presumed that when the Legislature varied the terms of the Act of 1920 on that point it showed a clear intention of not conferring upon the district courts exclusive jurisdiction of such actions, but that the jurisdiction was to be determined by the amount involved, following therefor the general Act of March 10, 1904, Comp. 1911, section 1148 *et seq.* And undoubtedly it was considered that it would not be equitable or just to compel a taxpayer to resort to a district court to recover small sums, authorizing him to sue in the proper municipal court, provided the

amount involved did not exceed $500, including interest. Section 1173 Comp. 1911.

For the reasons stated the judgment appealed from should be modified so that its dispositive part may read as follows: "The demurrer to the jurisdiction is sustained and the complaint is dismissed, without special imposition of costs," and, as so modified, the judgment is affirmed.